## SYNOPSIS OF OPINIONS.

[NOTE.—Under this head we will give a syllabus of such opinions of the Supreme Court, Court of Appeals and Commission of Appeals, which we will be unable to report in full.—ED.]

SUPREME COURT, AUSTIN TERM, 1882.

*New Trial—Counter Affidavits.*—On the call of this case in the court below, appellant appeared by attorney and judgment was given in favor of appellee. On a motion for a new trial the appellant presented his own affidavit, stating a verbal agreement had been entered into between appellee and himself, whereby the matter in controversy was to be submitted to a referee for his judgment, which reason he assigned as the cause of failure to appear and answer. Appellee presented a counter affidavit denying the existence of any such agreement. The court considered the counter affidavit and refused the motion, and this ruling is assigned as error. *Held,* if the appellant had complied with the rule requiring the agreement to be reduced to writing, signed by the parties and filed with the papers, it would have been error to admit the counter affidavit, but having failed to do this the court did not err in investigating the truth of the affidavits and exercising the discretion rightfully imposed upon it. Davis vs. Ransom; error from Ellis county; affirmed. Watts, J.

*Parol Evidence to Establish Warranty in Deed.*—The rule which permits a parol trust to be engrafted upon a written instrument, and which admits parol evidence to show that a deed, absolute on its face, was intended as a mortgage, admits the defence that the warranty contained in a deed did not express the real contract of the parties. As between parties to an instrument, whenever its enforcement by one of them, according to its strict letter, would enable him to perpetrate a fraud upon the other, the party sought to be defrauded may in his defense set up the real character of the contract. Bigham et al vs. Bigham; appeal from Bell county; reversed and remanded. Delaney, J.

*Presumption of Law—Damages for Delay.*—In the absence of evidence to the contrary shown by the record, the intendment

and presumption of law is that whatever evidence was proper or necessary to support a judgment by default, under the facts of the case, was adduced at the proper time by the plaintiff; if, indeed, any evidence was required in the absence of an answer. Where nothing is contained in the record to warrant a reasonable supposition that a writ of error was prosecuted with the expectation of a reversal of the judgment or for any other purpose than delay, the court will award ten per cent. damages for the delay. Fleming vs. Shelton; error from Tarrant county; affirmed. Walker, J.

*Pleading—Practice—Damages.*—A general demurrer will not reach a merely informal or defective averment, if a cause of action be shown but be informally or defectively stated. The objection must be taken by special demurrer. The petition did not allege the amount of the physician's bill, but the amount was left blank. *Held,* that the defendant having gone into the trial without excepting to the petition specially, by pointing out the indefiniteness as to the amount of said bill, the objection to evidence to establish the amount will not be heard. Evidence respecting the time lost by the plaintiff in consequence of his injury, and the value thereof, is admissible where the petition describes his occupation and the loss which ensued to him in consequence of being disabled from the wound. Damages for loss of crop expected to be raised is too remote for consideration. The Falls County Turnpike Road and Bridge Company vs. Jordan; appeal from Falls county; affirmed. Walker, J.

*Injunction—Mortgage—Distress Warrant.*—It is a sufficient objection to the granting of an injunction that the party aggrieved has a full and adequate remedy at law. Equity courts will not lend their aid for the protection of rights or the prevention of wrongs, where the ordinary legal tribunals are capable of affording sufficient redress. Mortgaged property can be taken in execution, subject to the lein of the mortgagee. The Commissioners of Appeal incline to the conclusion that the act of 1874, whilst affording the remedy of a distress warrant against the property of the tenant in the mode pointed out by that statute, yet it did not extend a preference lien in favor of the landlord, except as to such property as is specifi-

cally designated by the first section of that statute. Dimmit vs. Garner; reversed and remanded. Walker, J.

*Mechanic's Lein—Pleading—Jurisdiction.*—To fix a lein under the statute, art. 7112, P. D., the provisions of the statute must be strictly complied with in every essential particular. "Material men," when fully complying with the statute, are entitled fully to the benefits of the act. The lien is not created by the contract of the parties, but when it exists at all is the creation of the statute, and exists upon the conditions prescribed for its formation and its continuation. The requisites of the Statutes are necessarily descriptive of the lien, and if omitted in the pleadings should subject them to demurrer. When the suit was brought the District Court had jurisdiction of amounts in controversy over $100. The jurisdiction of that court was extended to $500 during the pendency of this suit and the court then dismissed the cause for the reason that the amount in controversy was less that $500. *Held,* the court erred in sustaining the demurrer and dismissing the suit. Sedgwick vs. Patterson et al; appeal from McLennan county; reversed and re manded. Walker, J.

*Administration—Jurisdiction of Probate and District Courts.*—In a matter which pertained exclusively to an estate the District Court will not interfere for the benefit of those interested in that estate, and for its just settlement, unless on grounds of fraud, trust or some other ground which would show a necessity for such interference in order to protect those interested in the faithful administration and fair adjustment of the estate. When the right of the alleged owner is contested it is questioned whether the District Court would not have exclusive jurisdiction, the powers of the Probate Court not being adequate to try the question of title. Presley's Heirs et al vs. Robinson et al; appeal from Tarrant; reversed and remanded. Delaney, J.

*Proof of Signature—Evidence*—In order to prove the genuineness of a signature it is not admissible that other papers containing the alleged signature of the same party be put in evidence; such papers can be offered in evidence only when no collateral issue can be raised concerning them, which is

only when the papers are conceded to be genuine or are papers belonging to the witness who is himself acquainted with the party's handwriting and who exhibits them in confirmation and explanation of his testimony. It is permissible that signatures known to be genuine, together with the signatures whose genuineness is questioned, should be handed the witness to identify the one or the other in or to test his ability as a witness. Austin vs. Allen et al; appeal from Fannin; affirmed. Delaney, J.

*Practice—Admissibility of Evidence.*—Any objection to the form in which an offset is presented should be disposed of on exceptions so that the defendant might have the privilege of amending his answer in that particular. When the plea of part payment in a suit on a note is so indefinite that it cannot be determined whether the pleader intended to set it up as a part payment of the note or a part payment of the original indebtedness before the execution of the note, no evidence is admissible under the plea. Vance vs. Claiborne; appeal from Bastrop ; Reversed and remanded. Watts, J.

*Parties—Decree.*—To constitute a direct proceeding to set aside a judgment, all parties at interest must be made parties to the suit that the court by its decree may relieve the one without detriment to the other. Tunnell vs. Bradlove; appeal from Travis; affirmed. Watts, J.

*Notice—Principal and Agent.*—A service of citation upon a station master of a railroad company is service upon the company, and notice to a station master of stoppage of goods in transitu is sufficient notice to the company where the consignment is made to that station or shipment made from it. Where the principal holds out an agent in such manner as to induce the public to believe that the agent is authorized to transact business of any particular kind the principal will be bound for all of the agent's acts. Poole vs. H. & T. C. R. R.; appeal from Falls; reversed and remanded. Watts, J.

*Ratification of Judgment by Acquiesence—Fraudulent Intent.* —Acquiescence in a judgment does not necessarily constitute ratification, and the question whether or not there had been such an acquiesence in the judgment so as to make it a ratifi-

cation is a question of fact that should be submitted by the court to the jury. The entertaining of a fraudulent intent by A, who gains an advantage over B, is morally wrong, but the law will only deal with that intent when it has been so far active as in some way to have operated to the injury of B. Sneed vs. Townsend; appeal from Coryell; reversed and remanded. Watts, J.

*Promissory Note—Effect of Change.*—To effect the validity of a note, the alteration if such is made, must be of some material matter; this is, it must be in such particular as would change the form of obligation, confuse the evidence or in some way affect the obligation of the parties to the instrument. Where A makes a note and it is endorsed by B, and then goes into the hands of a third party to whom the amount thereof is paid by the surety, though the name of the surety may be found with a pen mark ran through it, an obligation to pay it is just the same, as the alteration is not material as between the parties to the suit. Tutt vs. Thornton; appeal from Cooke; affirmed. Watts, J.

*Order of Sale—Sufficient Description of—Non-Joinder of Other Heirs no Objection in Suit Against Stranger—Confirmation of Sale.*—The order of sale in this case read as follows: " 320 acres of land known as the headright of Wm. H. Merritt," etc. *Held*, the order of sale is not void for a want of description of the property to be sold; though it does not affirmatively appear that the application was made for the sale in writing, it could not be held to defeat the probate court of its jurisdiction to order the sale on application of an administrator, nor can a purchaser be affected by the irregularity, if such it was, in making the order. The purchaser is not required to look beyond the judgment of a court of competent jurisdiction. When one sues as sole heir, and seeks to recover as such, the fact that there are other living heirs is no objection to a recovery of the land by plaintiff as against a stranger. To constitute a valid sale of land by a guardian so as to invest title in the purchaser, it does not admit of doubt but that the court must have in some way recognized the sale as fairly made and at a reasonable price. Robertson vs.

Johnson et al.; appeal from Lamar; reversed and remanded
Watts, J.

*Statement of Facts — Stenographer—Practice—Evidence.*—
The statute authorizing the employment of a stenographer to
take down the testimony in a cause does not authorize the
incorporation of the testimony so taken down in the state-
ment of facts.  In this case the statement of facts consists of
a stenographer's report, giving in full every question and an-
swer, and even the remarks of counsel covering seventy
pages, the facts are few and simple and might have been
stated on one-tenth of the space.  This is in violation of the
rules laid down on the subject from the earliest decisions
down to the rules now in force.  The facts established by the
evidence should be stated and the testimony of the witness
should only be stated when there is reasonable doubt of the
sufficiency of the evidence to establish a fact.  The adoption
of the stenographer's report as a statement of facts is one the
District Court should not allow and which this court will dis-
courage by the use of such means as may be found proper or
effectual to that end.  Where the question is one of actual
damage, irrelevant evidence calculated to excite the sympa-
thy of the jury should be carefully excluded.  Driess et al vs.
Frederich; appeal from Bexar; reversed and remanded.
Gould, C. J.